UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAMONT HEARD,

    Plaintiff,

v.                                                           Case No. 2:05-cv-231
                                                               HON. GORDON J. QUIST

UNKNOWN MASKER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Lamont Heard filed this prisoner 42 U.S.C. § 1983 action against several defendants including defendant Randall Masker for violating plaintiff's First Amendment rights. The claim against defendant Masker is the only remaining claim. Trial is scheduled for May 19, 2008. In an Opinion and Order dated February 6, 2007, the court stated:

> Plaintiff alleges that he fully supported his First Amendment claim regarding the opening of legal mail outside his presence. Plaintiff alleges that he attached the envelope from attorney Sandra Girard as an exhibit to his responsive brief. Defendant Masker stated that he was not aware of what occurred, but if in fact the mail was opened it was simply an isolated mistake. Defendant Masker recognized that plaintiff's legal mail should be opened only in plaintiff's presence. Plaintiff has a First Amendment right to be present when his incoming legal mail is opened for inspection. *Lavado v. Keohane*, 992 F.2d 601, 607-09 (6th Cir. 1993). Defendant Masker concedes that plaintiff made a request to have his legal mail opened only in his presence. Plaintiff has submitted the envelope that was allegedly opened. The envelope is clearly addressed from an attorney and states "Attorney/Client Mail - Confidential." Accordingly, a question of fact exists whether defendant Masker violated plaintiff's First Amendment rights.

Plaintiff has filed a motion for summary judgment arguing that he is entitled to judgment if defendant inadvertently opened plaintiff's mail or intentionally opened the mail. Defendant has filed a response stating that he did not open plaintiff's mail and that he is entitled to summary judgment for lack of personal involvement.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff asserts that defendant was identified in grievance responses as the individual who opened his legal mail. According to plaintiff the grievance investigator identified defendant as the individual who opened plaintiff's mail. It is clear that defendant was interviewed for the Step I grievance response. Plaintiff's deposition at 22-23. Defendant asserts that he was not involved in opening plaintiff's legal mail. Defendant argues that plaintiff stated in his deposition that he did not see the individual who opened his legal mail. Of course, the entire First Amendment issue in this case is based upon the fact that plaintiff's legal mail was opened outside his presence. The fact that plaintiff did not see an individual open his legal mail is the point of the case. Defendant argues that he is entitled to summary judgment. Defendant has filed his motion for summary judgment beyond the deadline for filing motions for summary judgment. In the opinion of the undersigned, there still exists a question of fact in this case as to whether plaintiff can establish that defendant violated plaintiff's constitutional rights.

Accordingly, it is recommended that plaintiff's Motion For Summary Judgment (Docket #206) and defendant's Motion for Summary Judgment (Docket #228) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: March 27, 2008           /s/ Timothy P. Greeley
                                              TIMOTHY P. GREELEY
                                              UNITED STATES MAGISTRATE JUDGE