UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAMONT HEARD,

    Plaintiff,

v.

Case No. 2:05-cv-231
HON. PAUL L. MALONEY

PATRICIA CARUSO, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff prisoner Lamont Heard filed this civil rights action pursuant to 42 U.S.C. § 1983 against several defendants. Plaintiff's remaining claims involve whether plaintiff has a liberty interest in being free from maximum security confinement and, if so, whether his procedural due process rights were violated by his placement in maximum confinement. Additionally, defendants have claimed that plaintiff was not provided a religious diet because it was not nutritionally adequate. The Court must decide the validity of defendants' claim and determine whether plaintiff's equal protection rights under the RLUIPA were violated. Plaintiff has filed a motion for a temporary restraining order and preliminary injunction. Plaintiff requests a transfer out of maximum security so that he can be placed in a prison closer to the office of his appellate attorney. Plaintiff also seeks an order of this Court requiring that defendants provide plaintiff with his requested religious diet.

I have reviewed plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the

merits and does not establish that plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that plaintiff's request for a temporary restraining order be denied.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the

materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that defendants have violated his federal rights. Plaintiff has made no attempt to support his claims with any factual evidence. The fact that there may be unresolved factual issues on plaintiff's claims is not sufficient to establish a likelihood of success on the merits of plaintiff's claims. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief. Plaintiff alleges that since he has been labeled a gang member he is in danger of being mistakenly identified by a rival gang member as a threat and physically harmed. The fact that plaintiff is confined in maximum security makes it less likely that plaintiff would be harmed because he is subjected to tighter security inside the prison walls. Plaintiff claims that he is further from his appellate attorney because he is confined in the Upper Peninsula of Michigan. Plaintiff claims that he is actually innocent of his criminal conviction and that his confinement in the Upper Peninsula frustrates his attempts to meet with his appellate attorney. However, even if the Court ordered that plaintiff be confined in a reduced security setting, there is no guarantee that plaintiff would be housed closer to his appellate attorney.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a temporary restraining and preliminary injunction (Docket #317) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:    April 27, 2010