UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD,
    Plaintiff,

-v-

PATRICIA CARUSO, ET AL.,
    Defendants.

No. 2:05-cv-231

HONORABLE PAUL L. MALONEY

ORDER DENYING APPEALS OF ORDERS OF MAGISTRATE JUDGE

Plaintiff Heard, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights complaint against several employees of the MDOC. Plaintiff has recently filed a motion to compel discovery (Dkt. No. 305) and motion to transfer venue (Dkt. No. 313). The magistrate judge denied both motions. (Dkt. Nos. 324 and 325.) Plaintiff appealed both rulings. (Dkt. Nos. 333 and 334.)

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*); *see also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This

standard does not empower a reviewing court to reverse the magistrate judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)); *see also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

A. Motion to Compel Discovery - Dkt. No. 305

At issue in the appeal is Plaintiff's request for copies of Defendants' personnel records. Plaintiff requested copies of Defendants' work-related disciplinary records, hearings, suspensions, reprimands, transfers and criminal history. Defendants objected on the basis that the requested discovery was not reasonably related to the discovery of admissible evidence. Defendants also objected on the basis that the records were confidential and that release of such information would create both custody and security concerns. As evidence, Defendants pointed out Michigan's Freedom of Information Act (FOIA) exempts such documents from disclosure. The magistrate judge ordered Defendant Straub to fully answer interrogatory 2. With regard to the rest of Plaintiff's motion, the magistrate judge concluded Defendants' answers were sufficient and completed.

2

Plaintiff appealed. Plaintiff argues he is entitled to the information in Defendants' personnel records under Fed. R. Evid. 401, 402, 404, 405, and 406.

Plaintiff is not entitled to the information he seeks. Although Plaintiff has not, and cannot, file a FOIA request, the analogy is persuasive. The Michigan Court of Appeals has held that FOIA exempts this sort of information for public disclosure. *See People v. Holmes*, No. 200218, 1998 WL 1991282, at * 1 (Mich. Ct. App. June 2, 1998) (per curiam) ("The public interest in nondisclosure would be potential breaches in prison security as defendant and other prisoners could request grievance and other disciplinary information regarding prison officials. We note that defendant had the opportunity to cross-examine all witnesses under oath at trial and could have explored whether any had grievances filed against them. Given this alternative, we hold that the public interest in nondisclosure prevails.") Were prisoners able to secure information from the personnel files from individuals employed by the MDOC, especially the corrections officers, the potential for breaches to prison security would outweigh the interests the prisoners have in the requested information. Plaintiff has alternative means at trial of securing the testimony he seeks. Accordingly, the magistrate judge's ruling was neither clearly erroneous nor contrary to law.

B. Motion for Change of Venue - Dkt. No. 313

Plaintiff sought a change of venue to the Eastern District of Michigan. Plaintiff argued his principal witnesses reside in and around Detroit. Because Plaintiff is indigent and cannot afford to pay the required witness fees, Plaintiff argued that without a change of venue he cannot present a case. Plaintiff also argued the MDOC will pay for Defendants to attend any trial, regardless of where it is held. The magistrate judge denied Plaintiff's motion finding the balance of factors weighed against transferring venue. Plaintiff appealed arguing the most important factor to consider,

the convenience of the witnesses, weighed in favor of granting the motion.

Plaintiff is not entitled to the relief he seeks. The balance of factors weigh against Plaintiff. The complaint was filed in the Western District. The majority of the Defendants and the Plaintiff reside in the Western District, in the Upper Peninsula. The events giving rise to the action occurred in the Northern Division, in the Upper Peninsula. The practical problems associated with trying this case as inexpensively and as expeditiously as possible weigh against transfer of venue. This court is familiar with the now five year old case. In fact, one trial has already been held in this action, in the Western District. The only factors weighing in favor of Plaintiff are the difficulty he would have in assuring his potential witnesses would show up at trial and, if the witnesses did not show up, the interest of justice. Plaintiff has not indicated, in either his motion or his appeal, whether any of the witnesses would not show up voluntarily or whether the witnesses would be unwilling to testify on his behalf absent a subpoena. Accordingly, Plaintiff has not fulfilled his "heavy burden of proof" and has not established that the balance of factors weigh "strongly in favor" of transfer. *See Holiday Rambler Corp. v. American Motors Corp.*, 254 F.Supp. 137, 139 (W.D. Mich. 1966). Accordingly, the magistrate judge's ruling was neither clearly erroneous nor contrary to law.

For these reasons, Plaintiff's appeals (Dkt. Nos. 333 and 334) of the orders of the magistrate judge are **DENIED. IT IS SO ORDERED.**


Date:  May 10, 2010                                                /s/ Paul L. Maloney
                                                                   Paul L. Maloney
                                                                   Chief United States District Judge

4