UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAMONT HEARD,

    Plaintiff,

v.

Case No. 2:05-cv-231
HON. PAUL L. MALONEY

PATRICIA CARUSO, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

In September of 2005, Lamont Bernard Heard, an inmate within the Michigan Department of Corrections, filed a *pro se* prisoner civil rights claim pursuant to 42 U.S.C. § 1983, challenging certain disciplinary actions taken against him and his placement and confinement in maximum security facilities. In his complaint, plaintiff Heard maintained that his procedural due process rights were violated when he was designated a security threat and placed in maximum security facilities without procedural due process. Plaintiff also maintained that the disciplinary actions taken against him were in retaliation for his exercise of First Amendment rights. In addition, plaintiff asserted that his equal protection rights and his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 *et seq.*, were violated when prison officials refused to accommodate his request for a religious diet. Plaintiff also asserted a retaliation claim against defendant Huhta, alleging that Huhta planted a bullet shell in Plaintiff's cell in retaliation for plaintiff's threat to file a lawsuit. Plaintiff also alleged that defendant Masker opened and read plaintiff's legal mail in violation of his rights.

Plaintiff claims that defendants violated his rights under the equal protection clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 *et seq.*, when they refused to provide plaintiff with a requested religious diet and when plaintiff was wrongfully placed in maximum security without procedural due process of law. In February of 2007, this Court dismissed all of plaintiff's claims except the claim against defendant Masker for opening plaintiff's legal mail. The legal mail claim was the subject of a bench trial in May of 2008, which resulted in judgment being entered for defendant Masker. Plaintiff appealed the dismissal of his claims and the entry of judgment for Masker. The Sixth Circuit remanded:

> For the reasons discussed above, we VACATE the district court's grant of summary judgment for defendants on Heard's procedural-due-process claim and REMAND for further proceedings. We also VACATE the district court's grant of summary judgment for defendants on Heard's equal-protection and RLUIPA claims challenging the refusal to provide Heard with a Nation-of-Islam diet and REMAND for further proceedings. The judgment of the district court is AFFIRMED in all other respects.

In explaining its reasons for vacating this Court's dismissal of plaintiff's RLUIPA claim, the Sixth Circuit explained in Footnote 5:

> With respect to Heard's RLUIPA claim against defendants in their *official* capacities, Heard may seek only declaratory or injunctive relief and not monetary relief. *See Cardinal v. Metrish*, 564 F.3d 794, 798-801 (6th Cir. 2009) (holding that the doctrine of sovereign immunity bars the recovery of monetary damages under RLUIPA when state officials are sued in their official capacities). This court has not ruled, however, on whether RLUIPA authorizes suits for monetary damages against state officials in their *individual* capacities. *See Nelson v. Miller*, 570 F.3d 868, 885-89 (7th Cir. 2009) (discussing split of authority on issue; holding that RLUIPA does not subject state officials to suit in their individual capacities). Because the parties have not briefed this issue and because we are remanding to the district court for further consideration of whether a Nation-of-Islam diet meets MDOC nutritional standards, we decline to decide this issue at this time.

As the Sixth Circuit explained, plaintiff's official capacity claims filed under the RLUIPA may seek only declaratory and injunctive relief and not monetary relief. *See Cardinal v. Metrish*, 564 F.3d 794, 798-801 (6th Cir. 2009). It should be noted that a petition for a Writ of Certiorari is pending in *Cardinal v. Metrish*, No. 09-109. The question presented in that case is "whether an individual may sue a state or state official in her official capacity for damages for violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq*." *See Cardinal v. Metrish*, 2010 WL 990562. A copy of the Brief for the United States as Amicus Curiae filed by Solicitor General Elena Kagan is attached to this Report and Recommendation. The United States has taken the position that the Sixth Circuit's decision in *Cardinal v. Metrish*, 564 F.3d 794, is erroneous. This Court is bound to follow the Sixth Circuit's decision in *Cardinal v. Metrish*, 564 F.3d 794, finding that official capacity suits for damages are not permitted under RLUIPA. There is, however, some doubt as to whether that decision will withstand analysis by the United States Supreme Court.

Also pending before the United States Supreme Court is a petition for a Writ of Certiorari in the case of *Sossamon v. State of Texas*, No. 08-1438, in which the questions presented are:

> 1. Whether an individual may sue a State or a state official in his official capacity for damages for violations of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. 2000cc, *et seq*.
>
> 2. Whether state officials are subject to suit in their individual capacities for damages for violations of RLUIPA.

2010 WL 990561.

The United States has filed a Brief Amicus Curiae in that case, a copy of which is attached. With respect to the issue of whether or not state officials may be sued for damages in their individual capacity for violations of RLUIPA, the Solicitor General explains:

> To date, four courts of appeals have considered whether RLUIPA permits individuals to pursue damages actions against state officials in their individual capacities. All four courts have held that it does not. *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007); Pet. App. 15a-20a.
>
> As petitioner notes (Pet. 17-18), several other courts of appeals appear to have assumed that individual capacity suits are available under RLUIPA when those courts were asked to decide whether a defense of qualified immunity was available to defendants sued under RLUIPA in their individual capacity. E.g., *Campbell v. Alameida*, 295 Fed. Appx. 130, 131 (9th Cir. 2008); *Walker v. Iowa Dep't of Corrs.*, 298 Fed. Appx. 535, 536 (8th Cir. 2008); *Figel v. Overton*, 263 Fed. Appx. 456, 458-460 (6th Cir. 2008); *Ahmad v. Furlong*, 435 F.3d 1196, 1201-1204 (10th Cir. 2006); cf. *Salahuddin v. Goord*, 467 F.3d 263, 269, 273 (2d Cir. 2006) (addressing qualified immunity defense to suit under 42 U.S.C. 1983 alleging violations of statutory rights under RLUIPA). But none of those decisions actually conflicts with the holdings of the Fourth, Fifth, Seventh, and Eleventh Circuits because none specifically addressed the question of the availability of individual capacity suits. The question therefore remains open and ripe for further development in those circuits. Given these circumstances, this Court should allow the issue - and the arguments on both sides - to percolate more fully among the courts of appeals.

Defendants have filed a motion to dismiss plaintiff's claim for monetary damages against the defendants in their individual capacity under the RLUIPA.[1] A motion to dismiss under

---

[1] Plaintiff has filed a "Motion and Notice to Draw Into Question the Constitutionality of § 2(a) of 42 U.S.C. § 2000cc" (Docket #328). Defendants have filed a response (Docket #338), taking no position on this request. Apparently plaintiff is requesting that this Court overrule *Cardinal v. Metrish*, 564 F.3d 794, and rule that monetary damages are available for suits against defendants in both their official and individual capacity. The undersigned has considered plaintiff's arguments made in his Motion and Notice to Draw Into Question the Constitutionality of § 2(a) of 42 U.S.C. § 2000cc in recommending that defendants' Motion to Dismiss (Docket #279) be granted.

Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint' factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

The circuit courts that have decided this issue, have concluded that no private right of action for monetary damages exists against State officials in their individual capacity under the RLUIPA. In *Smith v. Allen,* 502 F.3d 1255(11 Cir. 2007), the court concluded that the RLUIPA does not create a private right of action against defendants in their individual capacities because the RLUIPA was enacted pursuant to Congress' Article I Spending Power and "the Spending Power cannot be used to subject individual defendants, such as state employees, to individual liability in

a private cause of action." *Id*. at 1274. The court explained that "section 3 of RLUIPA – a provision that derives from Congress' Spending Power – cannot be construed as creating a private action against individual defendants for monetary damages." *Id.* at 1275.[2]

Similarly, the Fifth Circuit has concluded that the "Spending Clause legislation is not legislation in its operation; instead it operates like a contract, and individual RLUIPA defendants are not parties to the contract in their individual capacities." *Sossamon v. Texas*, 560 F3d 316. Likewise, the Seventh Circuit has concluded that money damages are not available against defendants sued in their individual capacity under the RLUIPA. *Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009). This District has rejected claims that a private right of action for monetary damages exists against defendants in their individual capacities under the RLUIPA. *McQuiter . Burnett, et al.,* 2:07-cv-100, 2008 WL 4534107 (W.D. Mich. 2008) (J. Quist); *Cromer v. Braman, et al.*, 1:07-cv-9, 2009 WL 806919(W.D. Mich. 2009) (J. Jonker); *Dawson v. Brunette*, et al., 1:08-cv-363, 2009 WL 1230318 (W.D. Mich. 2009) (J. Maloney); *Perkins v. Booker*, et al., 2:08-cv-97, 2009 WL 2058760 (W.D. Mich. 2009) (J. Edgar).

As stated above, the courts of this district have uniformly held that RLUIPA does not authorize monetary damage suits against state officials in their individual capacity. This position may not survive Supreme Court analysis in the case of *Sossamon v. State of Texas*. It is, however, my recommendation that the Court follow the above-cited decisions of this district which have so held.

---

[2]The Eleventh Circuit, however, allows at least nominal damages in official capacity lawsuits under the RLUIPA, but refuses to allow damages in personal capacity lawsuits under the RLUIPA.

Accordingly, it is recommended that the Court grant defendants' motion to dismiss (Docket #279) and that plaintiff's individual capacity monetary damages claims against defendants under the RLUIPA be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 27, 2010